# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK A. AVERY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )     No. 14-1059-JDT-egb |
| | ) |
| SARA CASSIDY, ET AL., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## ORDER TO MODIFY THE DOCKET,
## DENYING MOTION FOR RECONSIDERATION, DISMISSING AMENDED COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On March 18, 2014, Plaintiff Frederick A. Avery ("Avery"), who is currently an inmate at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued March 20, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On November 10, 2015, the Court issued an order that dismissed the complaint for failure to state a claim on which relief may be granted but granted leave to amend within 30 days. (ECF No. 12.) Avery filed a motion for reconsideration

---

[1] When the complaint was filed, Plaintiff was incarcerated at the Hardeman County Correctional Facility ("HCCF"). He was transferred from the HCCF to the West Tennessee State Penitentiary ("WTSP") and from the WTSP to the MCCX. (ECF Nos. 5 & 11.) The Clerk is DIRECTED to modify the docket to reflect that Plaintiff's address is the MCCX.

and an amended complaint on December 4, 2015. (ECF Nos. 13 & 14).[2] Avery reasserts his claims against HCCF Chief of Security Sara Cassidy and asserts new claims against four individuals: HCCF Grievance Chair K. Howell; HCCF Unit Manager Dorthy Robertson; HCCF Security Threat Group ("STG") Coordinator Bobby Howell; and HCCF Disciplinary Board Chair Y. Futrell. Therefore, the Clerk is directed to record K. Howell, Dorthy Robertson, Bobby Howell and Y. Futrell as additional Defendants.

I. Motion for Reconsideration

Avery's motion for reconsideration arises under Rule 60(b) of the Federal Rules of Civil Procedure, which provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting

---

[2] Plaintiff's motion for reconsideration and amended complaint were filed as one combined document. However, the submission was docketed twice in order to clarify that a motion was pending.

new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 384 (6th Cir. 2001).

Avery's motion does not seek relief within any specific provision of Rule 60(b) but, instead, merely provides additional arguments in support of his claims. Avery's citation to legal cases does not persuade the Court that any of his claims were wrongly dismissed. Therefore, the motion for reconsideration is DENIED.

## II. The Amended Complaint

Avery's amended complaint contains no factual allegations, but rather argues that his initial complaint should not have been dismissed. Because the complaint contains no additional facts, the Court looks to the attached exhibits to discern Avery's claims.

On January 23, 2014, Avery filed grievance number 24048/271854, stating that on January 22, 2014, while Avery was in segregation, Defendant Cassidy informed him that maintenance was going to turn off the electricity in his cell. (ECF No. 13-1 at 12.) Avery informed her that he had a machine to help with his sleep apnea that would not work without electricity. (*Id.* at 13)  Avery spent the night lying awake because he did not know what would happen without his sleep machine. (*Id.*)  It was proposed that Plaintiff be moved to a cell near an electrical outlet (*id.* at 14), but Plaintiff complained the outlet was outside the cell and was unaccessible because it was so far away (*id.* at 4). The grievance was ultimately denied. (*Id.* at 6, 15.)

Additionally, Avery filed grievance number 24114/272334 contending that Defendant Robertson locked him up for no reason. (*Id.* at 7.)[3]  On February 12, 2014, Avery's hearing on the grievance was held in absentia because he did not show up, and the grievance was dismissed

---

[3] Only the responses to this particular grievance are attached to the amended complaint (*id.* at 7-9); the actual grievance itself is not included.

for failure to participate.  (*Id.* at 7-8.)  Avery requested a rehearing on the matter because he was only 15 minutes late, but the request was denied by Defendant K. Howell.  (*Id.* at 3.)

In a grievance filed March 14, 2014, Avery contended that his procedural due process rights had been violated during a disciplinary hearing.  (*Id.* at 1.)  He stated that on March 4, 2014, he was given a disciplinary write-up and asked if he wanted an inmate advisor, but he asked for a staff advisor instead.  (*Id.* at 2.)  On March 6 or 7, 2014, Avery was called in front of the Disciplinary Board, but he complained that the Board chair, Defendant Futrell, did not recognize his plea for additional time to prepare for the hearing and then started the hearing without proper protocol, giving him "only seconds to form a defense with this inmate stand-in." (*Id.*)  Avery did not actually state in his grievance whether he was convicted of the offense or, if he was convicted, what punishment he received.  The grievance was denied because disciplinary matters are non-grievable.  (*Id.* at 11.)  Avery seeks damages from each Defendant.  (ECF No. 13 at 4.)

### III.  Analysis

The legal standards for assessing whether a complaint states a claim on which relief may be granted and the basic elements required to state a claim under 42 U.S.C. § 1983 were set forth in the Court's November 10, 2015 order and will not be reiterated here.

Avery's amended complaint fails to provide any new allegations in support of his claim that Defendant Cassidy was deliberately indifferent to a substantial risk of serious harm.  (*See* ECF No. 12 at 8-9.)  The amended complaint still does not allege that Defendant Cassidy understood the specific harm to Avery if he could not use his sleep machine or that Avery suffered any actual harm other than loss of sleep.

4

The amended complaint contains no factual allegations against Defendant Bobby Howell. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Avery's claim against Defendant Robertson is that she locked him up for no reason. (ECF No. 13-1 at 7.) The Court does not have the authority to supervise classification and assignment of inmates. An inmate does not have a protected right to be assigned to a particular prison, security classification, housing assignment, or in freedom from administrative segregation and isolation. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (confinement in particular part of prison or jail does not implicate due process absent "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). The vague and conclusory allegation that Avery was locked up for no reason does not adequately allege the deprivation of any liberty interest. *See, e.g.*, *Mackey v. Dyke*, 111 F.3d 460, 462-63 (6th Cir. 1997).

The amended complaint also does not allege a valid claim against Defendant Futrell for due process violations during Avery's disciplinary hearing. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that, where a prisoner is charged with a disciplinary offense that may result in loss of good time credit, due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing, *id.* at 563-64; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action, *id.* at 564. Moreover, "revocation of good time does not comport with 'the minimum

requirements of procedural due process' . . . unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *see also id.* at 455-57. These protections are required only when a constitutionally protected liberty interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005) (quoting *Sandin*, 515 U.S. at 484).

It is unclear whether the *Wolff* requirements were even applicable to Avery's disciplinary hearing because the amended complaint does not state that he lost any good time credit or even that he was convicted of the unspecified offense. Furthermore, the amended complaint does not allege that the *Wolff* requirements were not satisfied. Avery admits he received a copy of the write-up at least two days prior to the hearing. He does not contend that he was denied the opportunity to present evidence in his defense, that the Board failed to make a written findings, or that those findings were not supported by some evidence. He contends only that he was not given adequate time to prepare and was unable to speak to either a staff advisor or an inmate advisor prior to the hearing. These allegations are insufficient to state a claim for violation of procedural due process.

To the extent Avery is asserting a claim against Defendant K. Howell for denying his request to rehear the grievance against Defendant Robertson, he has no claim. Inmates do not have a right under the Due Process Clause to an effective grievance mechanism. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Smith v.Corr. Corp. of Am.*, 19 F. App'x 318, 321 (6th Cir. 2001) (holding that prisoner

"had no constitutional right to . . . disciplinary or grievance systems that met his standards"); *Irvin v. Fluery*, No. 2:07-cv-117, 2007 WL 5328577, at *2 (W.D. Mich. Sept. 11, 2007) ("[T]he Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure.") (report and recommendation), *adopted*, 2007 WL 3036493 (W.D. Mich. Oct. 16, 2007); *Mackey v. Carberry*, No. 2:07-cv-43, 2007 WL 2479296, at *3 (W.D. Mich. Aug. 28, 2007) (report and recommendation adopted as opinion of the Court); *Holloway v. Drew*, No. 2:07-CV-160-MEF, 2007 WL 1175067, at *2 (M.D. Ala. Apr. 4, 2007) (report and recommendation); *Robertson v. Montgomery Cnty.*, No. 3 06 0435, 2006 WL 1207646, at *2 (M.D. Tenn. Apr. 27, 2006) ("[S]tate law does not create a liberty interest in the grievance procedure."); *Robinson v. Hastings*, No. 05CV387-KKC, 2006 WL 950185, at *4 (E.D. Ky. Apr. 10, 2006).[4]

For all of the foregoing reasons, Avery's amended complaint is subject to dismissal in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

IV. Appeal Issues

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Avery in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that

---

[4]*See also* 42 U.S.C. § 1997e(b) ("The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title.").

lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

V. Conclusion

The Court DISMISSES Avery's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Avery would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Avery nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Avery is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Avery, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE