IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK A. AVERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1059-JDT-egb |
| | ) | |
| SARA CASSIDY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR EXTENSION OF TIME,
DENYING MOTION FOR RECONSIDERATION,
GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*
AND ASSESSING $505 APPELLATE FILING FEE PURSUANT TO PLRA

On March 18, 2014, the *pro se* prisoner Plaintiff, Frederick A. Avery, Tennessee Department of Correction prisoner number 225104, who is presently incarcerated at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), on March 20, 2014. (ECF No. 4.) On November 10, 2015, the Court issued an order that, *inter alia*, dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and granted leave to amend. (ECF No. 12.) Plaintiff filed both an amended complaint and a motion for reconsideration on December 4, 2015. (ECF Nos. 13 & 14.) On

February 15, 2016, the Court denied reconsideration and dismissed the amended complaint, noting that Plaintiff had failed to cure the deficiencies in the original complaint. (ECF No. 15 at 5-7.) Judgment was entered on February 17, 2016. (ECF No. 16.)

On February 29, 2016, Plaintiff filed a motion for extension of time and for reconsideration. (ECF No. 17.) The motion for extension of time is DENIED as unnecessary; Plaintiff has sufficiently complied with the orders of the Court in this case.[1] The motion for reconsideration is also DENIED. Although Plaintiff appears to suggest that this case was dismissed because he was unable to submit the required *in forma pauperis* documents, that is not so. As stated, the Court granted pauper status and assessed the filing fee in this case on March 20, 2014, only two days after the original complaint was filed. (ECF No. 4.)

Plaintiff filed a document on March 21, 2016, titled "McGore 1915(a)(2) compliance with order entered on 2/16/16 in the above-styled case, and notice of appeal" (ECF No. 18), which has been docketed as a notice of appeal.[2] In the body of the document, Plaintiff states:

> Court, please find the required affidavits enclosed so Plaintiff can take advantage of the installment procedures for paying the appellate filing fee! Also, the Sixth Circuit has held that a Dist. Ct. may allow a prisoner to amend

---

[1] The motion for extension of time and to reconsider also included the case number for Plaintiff's latest case in this Court, *Avery v. Phillips*, No. 16-2048-JDT-dkv (W.D. Tenn. filed Jan. 19, 2016), and the motion was docketed in that case as well. (No. 16-2048, ECF No. 9.) On March 1, 2016, the Court granted Plaintiff an extension of time, through March 31, 2016, in which to either pay the filing fee or submit his *in forma pauperis* affidavit and trust account statement in that new case. (*Id.*, ECF No. 10.)

[2] The date stamped on the envelope indicates the document was placed in the prison mail system on March 15, 2016. (ECF No. 18-1.)

2

>complaint to avoid dismissal under the PLRA. In this case, deficiency has been cured. [T]he sua-sponte dismissal should not stand. And a hearing of evidence should be held to see crystal clear, the evidence & hear sworn testimony.

(ECF No. 18.)

To the extent Plaintiff may be seeking leave from this Court to file a second amended complaint, the request is DENIED. The Court has already allowed Plaintiff to file an amendment, but the first amended complaint failed to correct the deficiencies in the original complaint. The Court is not required to refrain from dismissing this case in order to allow Plaintiff multiple opportunities to state a plausible claim.

Under the PLRA, a prisoner who files an appeal must pay the applicable filing fee in full, although the statute provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, Plaintiff has properly submitted the information required by the PLRA. Therefore, leave to appeal *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Pursuant to § 1915(b)(1), it is ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account

and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the Plaintiff's account and pay to the Clerk of Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $505 filing fee is paid.

Each time that the trust fund officer makes a payment to the Clerk of Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Room 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name, inmate number, and the case number on the first page of this order.

The Plaintiff shall cooperate with prison officials in the making of these payments. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address and provide the officials at the new prison with a copy of this order.

The Clerk is directed to mail copies of this order to the prison official in charge of inmate trust accounts at Plaintiff's prison and to the Warden of the MCCX to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. The Clerk is also directed to notify the Sixth Circuit of the entry of this order.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE